UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VALDISSA ROBINSON; V.V.P.,

                      Plaintiffs,

-against-

KINGS COUNTY FAMILY COURT, et al.,

                      Defendants.

1:23-CV-4470 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Valdissa Robinson, who appears *pro se*, filed this action not only on her own behalf, but also on behalf of Plaintiff V.V.P., a minor child,[1] seeking what appears to be both damages and injunctive relief. The complaint names as defendants: (1) the New York Family Court, Kings County; (2) Kings County Family Court Judge Erik S. Pitchal; (3) Kings County Family Court Clerk Ryan L. Darshen; (4) Plaintiff V.V.P.'s father, Jhony Pierre; (5) the New York City Administration for Children's Services ("ACS"); (6) ACS Director Michael Dunbar; (7) ACS Case Worker Heather Trought; (8) ACS Case Manager Sophia Smith; (9) ACS Case Supervisor Kim Jeter; (10) ACS Case Supervisor Edvidge Wright; (11) ACS Case Supervisor Renia Janner; and (12) ACS Case Worker Jacqueline McCurdy. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child may only do so by using the initials of the minor child's name. *See* Fed. R. Civ. P. 5.2(a)(3). The complaint and Plaintiff Robinson's *in forma pauperis* ("IFP") application, however, reveal the full name of Plaintiff V.V.P., a minor child. Accordingly, in an abundance of caution, the Clerk of Court has referred to that plaintiff in the caption of the electronic docket of this action by using only that plaintiff's name's initials. Also, in an abundance of caution, the Clerk of Court has restricted electronic access to the complaint and to Plaintiff Robinson's IFP application to a "case participant-only" basis.

## DISCUSSION

Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

The complaint alleges that Defendant Pierre, Plaintiff V.V.P.'s father, resides in Brooklyn, Kings County, New York (ECF 1, at 4), which lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c). The complaint also names as a defendant ACS, which is an agency of the City of New York, and, therefore, it resides in all five boroughs of the City of New York, both within this federal judicial district and in the Eastern District of New York.[2] *See* § 112(b), (c). The complaint does not, however, allege the residencies of any of the other defendants, which include a state family court located in Brooklyn, a judge and a clerk of that court, and ACS

---

[2] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

employees assigned to an office located in Brooklyn. (ECF 1, at 4-5.) Because the complaint does not indicate where the defendants other than Pierre and ACS reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). The complaint does allege, however, that the events giving rise to its claims have occurred, and continue to occur, in Brooklyn (ECF 1, at 5-6), in the Eastern District of New York, *see* § 112(c).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events have occurred, and continue to occur, in Brooklyn, Kings County (ECF 1, at 5-6), in the Eastern District of New York, *see* § 112(c), and it is reasonable to expect that all relevant documents and witnesses would also be located in that federal judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H.*

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff Robinson should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 2, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge